MANATT, PHELPS & PHILLIPS, LLP
STANLEY W. LEVY (Bar No. CA 03805)
E-mail: slevy@manatt.com
JESSAMYN E. VEDRO (Bar No. CA 280209)
E-mail: jvedro@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
PACIFIC HILLS SCHOOL

PATRICIA J. BARRY, ESQ.
634 S. Spring Street, Suite 823
Los Angeles, CA 90014
E-mail: pbarrylegal@gmail.com

*Attorneys for Plaintiff*
RUTH CARSON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH CARSON, on behalf of herself and her minor daughter, B.C. as her guardian ad litem,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC HILLS SCHOOL, a non-profit 501(c)(3) independent secondary school and Does 1 through 10, inclusive,<br><br>    Defendant. | Case No. CV13-5028 MWF (SHx)<br><br>Hon. Michael W. Fitzgerald<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint filed: July 12, 2013 |

Subject to the approval of this Court, Plaintiff Ruth Carson ("Carson") and Defendant Pacific Hills School ("Pacific Hills") stipulate as follows:

1. A document constitutes or contains "Confidential Material" when it has been given that designation by the party producing it or by the party to whom the information relates. A party may designate documents or information as "Confidential Material" as follows:

    a. In the case of documents and information contained in documents, designation must be made by placing the following legend on each page of the document before production: "**CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER.**"

    b. In the case of discovery responses and information contained in discovery responses, designation must be made by (i) placing a statement at the start or end of the responses specifying that the responses, or parts of the responses, are designated Confidential Material, and (ii) placing the following legend on each page (including the caption page) of any discovery response containing designated Confidential Material: "**CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER.**"

    c. In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain Confidential Material must be made by counsel for the party whose Confidential Material is involved by: (i) making a statement to that effect on the record in the course of the deposition or hearing; **or** (ii) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing). Once designated, the original and each copy of the transcript that contains Confidential Material must bear (or must be modified by counsel to bear) the following legend on its cover: "**CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER.**"

2. For purposes of this Order, "Confidential Material" includes the following types of documents and information:

    a. personal identification information and academic, disciplinary, and/or medical records relating to current or former Pacific Hills students, including B.C.;

    b. private financial and/or medical records relating to Plaintiff; and

    c. non-public communications with governmental bodies that are intended to be kept confidential or are protected from disclosure by statute or regulation.

2.1 Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Material as defined above will also be treated as Confidential Material under this Order.

2.2 Nothing in this Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any other policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

3. Confidential Material may be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the purpose of conducting this litigation, Confidential Material may be used by, copied by, exhibited to, or disclosed to the following persons or entities only:

    a. The parties to this action;

    b. The parties' attorneys and their respective employees;

    c. Any witness from whom testimony is taken or will be taken in this action, except that the witness may be shown copies of Confidential Material only during his or her testimony and in preparation for the testimony, and only to the extent relevant to the testimony. The witness may not retain any Confidential Material;

    d. Consultants, experts, and investigators employed by the parties

1  or their attorneys in the prosecution or defense of any aspect of this litigation;

2     e. Court reporters used in connection with this action and their employees;

4     f. The Court and its staff; and

5     g. The jury, if any, in the trial of this case.

6   4. No disclosure may be made to any person under Paragraphs 3(c), (d) or (e) until that person has executed an "Understanding and Agreement" in the form attached as Exhibit A. With respect to consultants, experts, and investigators employed by the parties to this litigation, Exhibit A must be fully executed by the consultant, expert, or investigator and retained by counsel for the party employing the consultant, expert, or investigator.

12   5. All persons described in paragraphs 3(a) through (g) above are prohibited from disclosing any portion of Confidential Material to any other person, or from using any information obtained from the Confidential Material, except as permitted by this stipulation.

16   6. Nothing in this stipulation prevents the use of information that is publicly available.

18   7. If any motion papers, briefs, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the Clerk of the Court contain any Confidential Material the filing party must seek approval from the Court to file the document under seal as set forth in Local Rule 79-5.

22   8. If any party or nonparty bound by this stipulation intends to disclose, discuss, or otherwise refer to any Confidential Material in open court at any hearing or trial, that person must notify the Court, the party that designated the Confidential Material, and all other parties to this action of its intention to do so, and must not disclose, discuss, or otherwise refer to the Confidential Material until permitted by the Court.

28   9. A party's inadvertent failure to designate disclosed materials as

1    Confidential Material does not waive its right to do so and may be remedied by
2    prompt written notice upon discovery of the error, in which case the material in
3    question will be subject to the protections of this Order.
4        10.    Notwithstanding anything to the contrary in this stipulation, any party
5    may use the following documents or information without restriction, regardless of
6    whether they have been designated as Confidential Material:
7            a.    its own documents or information;
8            b.    documents or information concerning or reflecting transactions
9    or communications to which it is a party; and
10           c.    documents or information developed or obtained independently
11   of discovery in this action.
12       11.    This stipulation applies with equal force to any and all copies, extracts,
13   compilations, summaries, and oral recitation of Confidential Material.
14       12.    Within sixty days of final termination of this action, or sooner if so
15   ordered by this Court, counsel for the party receiving any Confidential Material
16   must transmit all Confidential Material (including all copies) to counsel for the
17   producing or disclosing party.
18       13.    A party is not obligated to challenge the propriety of a confidentiality
19   designation at the time it is made. Failure to do so does not preclude a subsequent
20   challenge to the designation. If any party to this action objects, at any stage of the
21   proceedings, to the designation of a document or testimony as confidential, the
22   parties will first try to resolve the dispute informally and in good faith. If the
23   dispute cannot be resolved informally, then the objecting party may, on notice to all
24   other parties, apply to the Court for appropriate relief. The party seeking to
25   maintain the confidentiality of the information has the burden of establishing that
26   the document or testimony is entitled to confidential treatment. If an application to
27   the Court is made, then the document or testimony must be treated as Confidential
28   Material by all parties unless and until the Court enters an order determining

otherwise.

14. Any dispute concerning the application of this Order will be heard by the Court upon motion by any party.

15. If any Party has obtained Confidential Material under the terms of this Order and receives a request to produce such Confidential Material by subpoena or other compulsory process commanding the production of such Confidential Material, the Party must promptly (within 3 business days) notify the designating party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other form of process.

16. The parties agree that this stipulation binds them regardless of whether the Order is signed by the Court, unless the Court enters a different protective order in place of this stipulation.

*SIGNATURES ON FOLLOWING PAGE

| | | |
|---|---|---|
| 1 | Dated: December 3, 2014 | MANATT, PHELPS & PHILLIPS, LLP<br>STANLEY W. LEVY<br>JESSAMYN E. VEDRO |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Jessamyn E. Vedro<br>Jessamyn E. Vedro<br>*Attorneys for Defendant*<br>PACIFIC HILLS SCHOOL |
| 5 | | |
| 6 | Dated: December 3, 2014 | LAW OFFICES OF PATRICIA J. BARRY<br>PATRICIA J. BARRY |
| 7 | | |
| 8 | | |
| 9 | | By: /s/ Patricia J. Barry**<br>Patricia J. Barry<br>*Attorneys for Plaintiff*<br>RUTH CARSON |
| 10 | | |
| 11 | | |
| 12 | | **With permission |

### [PROPOSED] ORDER

Good cause appearing, the Court approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: December 05, 2014          By: _____
                                        United States Magistrate Judge

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT

I affirm that I have read the stipulated protective order in *Ruth Carson v. Pacific Hills School*, U.S. District Court for the Central District of California Case No. CV13-5028 MWF (SHx). I understand its terms and agree to be bound by them.

Signature: _____

Print Name: _____

Date: _____